IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CLETUS JOHN ROBERT FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 17-1020-JDT-cgc |
| ) | |
| CYNTHIA CASAGRANDE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO DIRECT PRISON OFFICIALS TO PROVIDE
PLAINTIFF WITH TRUST ACCOUNT STATEMENT

The *pro se* prisoner Plaintiff, Cletus John Robert Franklin, who is incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On January 31, 2017, the Court directed Plaintiff to submit either the entire $400 filing fee or a motion to proceed *in forma pauperis* and a current inmate trust account statement within 30 days, in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Plaintiff filed a motion to proceed *in forma pauperis* in compliance with the order, but he did not include a current copy of his trust account statement. (ECF No. 12.) Therefore, on February 9, 2017, he was again ordered to pay the entire filing fee or submit a current trust account statement. (ECF No. 13.) On February 21, 2017, Plaintiff filed a motion asking the Court to order prison officials at the WCF to provide him with the required copy of his trust account

statement, stating that he has made repeated unsuccessful attempts to obtain the document. (ECF No. 14.)

Under the PLRA, the Court is to assess the filing fee, 28 U.S.C. §§ 1915(b)(1), and prison officials are directed to carry out that assessment. *Id.*, § 1915(b)(2) ("The agency having custody of the prisoner *shall* forward payments from the prisoner's account to the clerk of the court . . . until the filing fees are paid." (Emphasis added.)); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, it is the prisoner plaintiff's responsibility to submit the proper documentation to allow the fee assessment to be made. *Id.*, § 1915(a)(2). The PLRA does not authorize the Court to issue an order directly to prison officials, requiring them to provide that information. Accordingly, Plaintiff's motion for such an order is DENIED.

Even though the Court cannot compel WCF officials to give Plaintiff the information he needs, he will not be penalized for their failure in that regard. *Cf. McGore*, 114 F.3d at 607-08 ("A prisoner cannot be penalized when prison officials fail to promptly pay an assessment."). Plaintiff still has until March 13, 2017, in which to obtain and mail his trust account statement to the Court. If he is unable to do so, he should mail a brief confirmation to the Court by that date.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE