IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CLETUS JOHN ROBERT FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1020-JDT-cgc |
| | ) | |
| CYNTHIA CASAGRANDE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ASSESSING $350.00 FILING FEE IN ACCORDANCE WITH PLRA
DENYING MOTION FOR ENLARGEMENT AS MOOT
_____

On January 25, 2017, Cletus John Robert Franklin, Tennessee Department of Correction prisoner number 345581, who is presently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On January 31, 2017, the Court directed Plaintiff to submit either the entire $400 filing fee or a motion to proceed *in forma pauperis* and a current inmate trust account statement within 30 days, in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) Plaintiff filed a motion to proceed *in forma pauperis* in compliance with the order, but he did not include a current copy of his trust account statement. (ECF No. 12.) Therefore, on February 9, 2017, he was again ordered to pay the entire filing fee or submit a current trust account statement. (ECF No. 13.) On February 21, 2017, Plaintiff filed a motion

asking the Court to order prison officials at the Whiteville Correctional Facility ("WCF"), where he was incarcerated when filing the original complaint, to provide him with the required copy of his trust account statement, stating that he had made repeated unsuccessful attempts to obtain the document. (ECF No. 14.) The Court denied motion to direct prison officials to provide Plaintiff with his trust account statement, and gave Plaintiff until March 13, 2017, to submit his trust account statement to the Court. (ECF No. 15.) Plaintiff subsequently sought an extension of time to comply with that order, filing, on March 13, 2017, a "declaration of inability to timely comply with order" and a statement in which he further declares that, despite his repeated requests, prison officials from WCF still had not provided him with a copy of his inmate trust account statement. (ECF No. 17.)

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, although Plaintiff submitted an *in forma pauperis* affidavit, he has not submitted a copy of his inmate trust account statement. However, the Court will not penalize Plaintiff for the prison officials' refusal to provide him with the necessary information. *Cf. McGore v. Wrigglesworth,* 114 F.3d 601, 607-08 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013) ("A prisoner cannot be penalized when prison officials fail to promptly pay an assessment."). Therefore, the motion to proceed *in forma pauperis* is GRANTED in

accordance with the terms of the PLRA. Motion for enlargement is DENIED as moot (ECF No. 17.)

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Ste. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the MCCX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

                                                         **s/James D. Todd**
                                                        JAMES D. TODD

UNITED STATES DISTRICT JUDGE