IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CLETUS JOHN ROBERT FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1020-JDT-cgc |
| | ) | |
| CYNTHIA CASAGRANDE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PENDING MOTIONS (ECF Nos. 2, 3, 4, 19 & 20)

The *pro se* prisoner Plaintiff, Cletus John Robert Franklin, filed a complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (ECF No. 2), a motion for appointment of counsel (ECF No. 3), and a motion for preliminary injunction (ECF No. 4). On March 15, 2017, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b).[1] (ECF No. 18.)

On April 11, 2017, Plaintiff filed a motion (ECF No. 19) to withdraw his motion for preliminary injunction because he has been transferred to a different prison. The motion to withdraw Plaintiff's request for injunctive relief is GRANTED; therefore, the motion for preliminary injunction (ECF No. 4) is DENIED as moot.

Also on April 11, 2017, Plaintiff filed a second motion for appointment of counsel. (ECF Nos. 20.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is

---

[1] Because pauper status has been granted, the Clerk is DIRECTED to terminate the motion at Docket Entry #2.

not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).

This case is currently undergoing screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. At this stage of the litigation, Plaintiff has not sufficiently demonstrated that the Court should exercise its discretion to appoint counsel. Therefore, the motions for appointment of counsel are DENIED.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE